Weldon, J.,
delivered the opinion of the court:
The claim embraced in the petition in this proceeding was referred to this court by the Committee on War Claims of the House of Bepresentatives, under the act of March 3,1883, entitled ‘£An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government.” The-petitioner, on the 14th day of May, 1862, was the owner and possessor of a ferry between the city of Portsmouth and the city of Norfolk, in the State of Virginia, and while it was so possessed, to wit, on said day, the Quartermaster’s Department of the United States took possession of said ferry and its incident property; retained possession of the same for nearly four years, during which time it was used to transport troops, supplies, and munitions. *21 of war for the Government, and the transportation of property and passengers not belonging to-or connected with the Army. During the said time the officers of the Army had complete control of said ferry, and charged and collected fare from persons not connected with the Government. The claim now made by the petitioner is to recover from the United States the amount collected from the general public for the transportation of property and persons not connected as aforesaid.
It is insisted by the counsel for the Government that this court has no jurisdiction to report the facts to Congress because of the exclusion contained in the second clause of the third section of said act, which is ás follows :
“Nor shall the said court have jurisdiction of any claim -against the United States which is now barred by virtue of the provisions of any law of the United States.”
It is contended that for the money collected from private persons an action could have been maintained in this court, under its general jurisdiction, for money had and received, and that the limitation of six years applies to such cause of action.
It it be true that the claimant had a remedy in the general jurisdiction of this court, then we are prevented from entertaining jurisdiction in this proceeding, and the petition should be dismissed.
The counsel for the petitioner argues that the act upon the part of the officers of the United States constituted in law an appropriation of property upon the part of the Government within the meaning of the first section of the Aet July 4,1864 (13 Stat. L., 381), and that by the express provisions of that law the Court of Claims was forbidden to entertain jurisdiction of a claim originating in an appropriation of property taken by the Army and Navy.
The term “ appropriation” ordinarily means a taking, for the use of the persons taking the property, to be used by such person to the exclusion of all persons, and especially the owner; but it is sought in this case to distinguish between the absolute property, and the proceeds of such property arising from the tolls paid to the Government by persons using the ferry during the occupation of the Government.
The statute of July, 1864, provides against the bringing of a suit in the Court of Claims founded upon any demand “growing out of the destruction or appropriation” of property by the *22 Army and the Navy daring the war. The collection of tolls was incident to the use and appropriation of the Government, and can not be distinguished from the property itself.
• “ The term appropriation is of the broadest import. • It includes all taking and use of property by the Army and Navy •in the course of the war not authorized by contract with the Government.
“The use may be permanent or temporary, and it may result in the destruction or mere injury of the property.
“If the rig;ht to the property — or to its use — is not obtained by valid contract with the Government, the taking or use of it is an appropriation within the meaning of the act of Congress. (Filor’s Case, 9 Wall., U. S. R., 45.)”
Upon the question of the petitioner’s right to sue under the general jurisdiction of this court, it has been held:
“Where a quartermaster in Memphis, during the war of the rebellion, orders a clerk to procure a building for the pay department, and the clerk, without authority, promises the owner a reasonable rent, who thereupon consents to the possession being taken by the Government, the promise does not bind the defendant, and the act does not constitute a renting; but is-deemed to be military occupancy and appropriation.
“The Court of Claims has not jurisdiction of a case for the occupation of a building in Memphis by military authority during the rebellion, there being no valid lease. Such an occupancy is an appropriation of property within the meaning of the Act July 4,1864 (13 Stat. L., 381; 3 C. Cls. B., 1).”
The first section of the act of 1864 simply denies the jurisdiction of this court, without affecting otherwise the right of the petitioner. The jurisdiction thus denied was as to the general jurisdiction of the court to entertain claims and pass upon the legal rights of parties by a judicial finding in the form of a judgment.
The act under which the petition is filed is an enlargement of the jurisdiction in the finding of facts, to assist Congress in the determination of claims against the Government.
The act of July 4,1864, does not bar the right of the claimant, under the act of March 3,1883, to have a, finding of facts, upon which to predicate an application to Congress for such redress as may seem equitable under all the circumstances to award the petitioner.
In accordance with these views we have made a finding of facts from the evidence in the case.